UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHEILA SHAMP AND TODD SHAMP,

                                        Plaintiffs,

        v.                                                    Civil Action No. _____

ROBERT JAMES & ASSOCIATES ASSET
MANAGEMENT, INC. d/b/a
ROBERT JAMES AND ASSOCIATES, INC.,

                                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Sheila Shamp is a natural person residing in the County of Genesee and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Todd Shamp is a natural person residing in the County of Genesee and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Robert James & Associates Asset Management, Inc. d/b/a Robert James & Associates, Inc. is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7.  Defendant regularly attempts to collect debts alleged to be due another.

8.  The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiffs incurred a pay day loan.  This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiffs thereafter defaulted on the subject debt.

13. That upon information and belief Defendant was employed by the pay day loan company to collect on the subject debt.

14. That in or about June 2012, Defendant began calling Plaintiffs in an attempt to collect on the subject debt.

15. That on or about June 20, 2013, during the first of the aforementioned calls, Defendant left a voice message stating that Plaintiff Shelia Shamp had a complaint filed against her for a bad check from her Key Bank account. Defendant also states that they left messages with Plaintiff's father and did not know why she did not provide a statement in her defense.  Defendant further stated that federal law requires that Plaintiff render a statement before a summons is issued through Genesee County and that Defendant will go forward with the litigation and attach a wage garnishment.

16. That Mr. Shamp called the Defendant the same day and left a message instructing the Defendant to stop calling his wife and her parents.

17. That on or about June 21, 2013, Defendant left another voice message on Plaintiff' Shelia Shamp's voicemail which stated the following:

    A.  "My name is John Cable, Director of the Claims Department for Robert James & Associates,"

    B.  "Instead of having your puny husband contact me and… threaten me after hours,"

    C.  "Call back and handle your responsibility accordingly like an adult woman,"

    D.  "I will do my job until the case goes into litigation,"

    E.  "You will answer for the judge… for bouncing checks at M & T Bank accounts,"

    F.  "An Attorney cannot help you,"

    G.  "Your coward of a husband gave me a phone call…and I will  have it transcribed and will attach it to your file when you go to court,"

    H.  " You stole the money,"

    I.  " I'm not a bill collector,"

    J.  " We are not a Collection Agency,"

18. That on or about June 21. 2013, Mr. Shamp once again called the Defendant to instruct him to stop calling his wife. That during this conversation:

    A.  Defendant again called Plaintiff a "coward",

    B.  That Defendant stated "I don't care if you have a lawyer, you stole money,"

    C.  Defendant stated " it is the same as if you went to Walmart and walked out with groceries without paying,"

19. That Defendant contacted Plaintiff Shelia Shamp's father and disclosed the Plaintiffs alleged debt to him and asked him to pass on a message for her to call the Defendant.

20. That Defendant never disclosed the mini Miranda in any voice message to or conversation with Plaintiffs.

21. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.


## V. CAUSE OF ACTION

22. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 20 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A.  Defendant violated 15 U.S.C. §1692b and 15 U.S.C. §1692b(2) by contacting and disclosing Plaintiffs' debt to a Shelia Shamp's father

    B.  Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d (2) and 15 U.S.C. §1692d (5) by repeatedly causing Plaintiff Shelia Shamp's telephone to ring with the intent to annoy, abuse or harass and by using profane and abusive language as referenced in paragraphs 15, 17, and 18 .

    C.  Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and by using false and misleading representations when they stated that Plaintiff Shelia Shamp had a complaint filed against her for a bad check from her Key Bank account; that federal law requires that Plaintiff render a statement before a summons is issued through Genesee County and that Defendant will go forward with the litigation and attach a wage garnishment; the Plaintiff

will answer for the judge for bouncing checks at M & T Bank accounts; that they will  have Mr. Shamp's voice message transcribed and attached to the file when they take Plaintiffs to court; by stating that Plaintiffs stole money; and by stating that they were not a bill collector or collection agency.

D.   Defendant violated 15 U.S.C. §1692e(4) by stating that Defendant will go forward with the litigation and attach a wage garnishment.

E.   Defendant violated 15 U.S.C. §1692e(7) by stating that Plaintiff Shelia Shamp had a complaint filed against her for a bad check from her Key Bank account and that Plaintiffs stole money.

F.   Defendant violated 15 U.S.C. §1692e(11) by failing to communicate the mini-Miranda warning during  any of the voice messages left on Plaintiff Shelia Shamp's answering service and during conversations with Todd Shamp and by instructing Shelia Shamp's father to pass a message to his daughter that the Defendant called and to call them back.

G.   Defendant violated 15 U.S.C. §1692g by failing to send the Plaintiffs a validation notice within five days of the initial contact.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demands trial by jury in this action.

Dated: June 17, 2013

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
         khiller@kennethhiller.com